## (June 10, 1964)

■ MONA BISMARK, Respondent, v. INCORPORATED VILLAGE OF BAYVILLE et al., Appellants. In an action to declare void an amendment (adopted March 29, 1963) to a zoning ordinance of the defendant village, and for other relief, the defendants appeal: (1) from an order of the Supreme Court, Nassau County, dated December 3, 1963, which granted the plaintiff's motion for summary judgment with respect to the second cause of action, severed the action accordingly, and directed that judgment be entered declaring that the said purported amendment of March 29, 1963 was void because it was not enacted in compliance with the statute (Village Law, § 179, subd. 1); and (2) from a judgment of said court, entered December 9, 1963 pursuant to said order. Order and judgment affirmed, with one bill of $10 costs and disbursements. Subdivision 1 of section 179 of the Village Law provides in part that, in case of a protest against a proposed zoning change, "signed by the owners of twenty percentum or more of the area of the land included in such proposed change * * * such amendment shall not become effective except by the favorable vote of * * * three-fourths of the members of the

board of trustees in all" villages such as the defendant village. The amendment here was approved by the Village Board of Trustees on March 29, 1963 by a 5–2 vote. The plaintiff owns approximately 70% of the land which was rezoned by the amendment. The issue is whether the alleged protests in behalf of the plaintiff were such as to require a three-fourths vote for the approval of the proposed amendment. If a three-fourths vote was required, the amendment was illegally adopted because a vote of 5–2 is less than a three-fourths vote. On April 2, 1963, an attorney in fact appointed by a general power of attorney executed by the plaintiff in 1961, submitted a letter and a copy of the power of attorney to the Village Mayor and Board of Trustees. The record does not indicate that, prior to April 2, 1963, either the Mayor or the Board of Trustees had ever been informed about the existence of the power of attorney. In the said letter the attorney in fact protested against the amendment which had been approved, on the ground that a favorable vote of at least three fourths was required for the approval. The power of attorney was the statutory short form of general power of attorney prescribed by statute (General Business Law, § 220) and thus vested the attorney in fact with the broad powers set forth in article 13 of the General Business Law. It contained the standard provision appointing the attorney in fact "with full and unqualified authority to delegate any or all of the foregoing powers to any person or persons whom" the [her] attorney in fact "shall select." In our opinion, by virtue of the powers conferred upon the attorney in fact, he had the power to sign a protest or to authorize an attorney to sign a protest, and a protest so signed would be sufficient compliance with the statutory requirement (Village Law, § 179, subd. 1) that protests thereunder must be signed by the owners. Nevertheless, a protest, which was submitted after the Board of Trustees had approved the proposed amendment by a majority vote, could not impose a requirement that the approval must be by a three-fourths vote (cf. *Deligtisch* v. *Town of Greenburgh*, 135 N. Y. S. 2d 220). Prior to the public hearing on March 29, 1963, an attorney, on behalf of his client, the plaintiff, made oral and written protests against the proposed amendment. Receipt of his written letter of protest was acknowledged prior to the public hearing, with a statement that it would become part of the record of such hearing. The record does not indicate that, prior to such hearing, the attorney ever stated that he was authorized in writing by the plaintiff or by anyone else to sign a protest in behalf of the plaintiff, and he did not indicate that there was an outstanding power of attorney. But it is undisputed that said attorney was retained by said attorney in fact to represent the plaintiff in opposing and protesting the proposed zoning amendment. In our opinion, it must be presumed that the attorney had the power to act in plaintiff's behalf and, under the circumstances here, it should be held that, for the purposes of the statute, the attorney's signature in behalf of the plaintiff is equivalent to the owner's signature and has the same efficacy (95 A. L. R. 1085; *People ex rel. Brownell* v. *Board of Assessors*, 109 N. Y. S. 991, affd. 127 App. Div. 851, revd. on other grounds 193 N. Y. 248; *People ex rel. Holler* v. *Board of Contract*, 2 How. Prac. [N. S.] 423; *Communist Party of the U. S. A.* v. *Commissioner of Internal Revenue*, 332 F 2d 325). Ughetta, Acting P. J., Kleinfeld, Brennan, Hill and Rabin, JJ., concur. [40 Misc 2d 1082.]