■ JEWISH GUILD FOR THE BLIND v GABRIEL E. SENOR, P.C., et al. (And Two Other Actions). — In a decision dated April 21, 1983 (93 AD2d 764), we determined, under the authority of *Video Corp. of Amer. v Flatto Assoc.* (58 NY2d 1026), that a six-year Statute of Limitations is to be applied in an action for failure to exercise due care in the performance of a contract insofar as such action seeks recovery for damages to property or pecuniary interest recoverable in a contract action. We determined that this action was not timely filed, since the last revision to the survey was dated March 13, 1975, and action was not commenced until March 19, 1981, six years and six days from that date. Applying the six-year Statute of Limitations, we dismissed the complaint as untimely. Plaintiff now seeks reargument, asserting that the summons and complaint was not served on March 19, 1981 (the date stated in defendant's affidavit), but was served on March 10, 1981, three days before expiration of the six-year Statute of Limitations. In support of this contention, plaintiff submits a copy of the affidavit of service which was not a part of the record on appeal. Plaintiff argues that the issue of the actual date of service was never contested or argued, because under neither the plaintiff's nor the defendants' Statute of Limitations theory, would the date of service become crucial. In opposition to the motion, defendants contest plaintiff's allegation regarding the March 10 service and defendants request an adjournment of this motion in order to obtain the necessary affidavits to conduct oral examination or both on the question of service. Accordingly, since the issue of the actual date of service is the linchpin of our Statute of Limitations determination, the motion is granted to the extent of vacating our order of April 21, 1983, and holding these appeals in abeyance. The parties are directed to proceed forthwith to Special Term, Part 10 for a hearing and report, with findings of fact on the issue of service. The transcript of the hearing, the report and the findings of fact are to be provided to this court promptly upon completion thereof. Concur — Murphy, P. J., Sandler, Ross, Kassal and Alexander, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK v JOHN CERIO. — Motion for reargument granted, and upon reargument this court adheres to its original determination. Appellant's time to perfect the appeal is enlarged to the October, 1983 Term. Concur — Carro, J. P., Bloom, Fein and Kassal, JJ.

■ In the Matter of the Arbitration between EMPRESA INDUSTRIAL, LTDA., and CONTINENTAL NUT Co. — Motion to dismiss appeal for failure to prosecute within 30 days and because the appeal is without merit granted, with $20 costs. Concur — Carro, Silverman, Fein and Kassal, JJ.

Kupferman, J. P., dissents in the following memorandum: Inasmuch as only some 60 days have passed since the notice of appeal was filed, which is well within the nine months' rule (Rules of App Div, 1st Dept, § 600.11 [a] [3], 22 NYCRR), and the appellant requests leave to withdraw the appeal, such leave should be granted. Therefore, the motion by the petitioner-respondent to dismiss the appeal for failure to prosecute should be denied as moot.