Joseph L. Nestor, Esq. Village Attorney, Endicott
You have asked several questions regarding the filing of a protest in relation to a proposed change in zoning laws.
Under the Village Law, in the event of a protest against a proposed amendment or repeal of zoning regulations signed by the requisite number of owners of real property, the amendment or repeal will not become effective except by the vote of two-thirds of the members of a board of trustees having three members and three-fourths of the members of a board of trustees in all other villages (§ 7-708[1]).
First you ask when a petition for zoning is timely and what is the proper form of a petition under section 7-708. Under the statute, the protest may be made against a "proposed" change. In our opinion this means that the protest may be filed at any time after the board of trustees begins consideration of a change in the zoning laws, up to the time when a vote is taken on the proposal (see Bismark v Incorporated Village ofBayville, 21 A.D.2d 797, 798 [2d Dept, 1964]). Once a written protest has been filed by the requisite number of property owners, any action by the board of trustees on the proposed change must be by a super-majority vote(ibid.). Section 7-708(1) requires that a protest be signed by these requisite number of property owners. There are no other requirements with respect to the form of the petition registering the protest.
Your next question is whether the mayor is included as a member of the board of trustees for both determining a quorum and whether there are sufficient votes for taking action. The mayor and the trustees of a village constitute the board of trustees (Village Law, §3-301[4]). The mayor presides at meetings of the board and has the power to vote upon all questions coming before the board (id., § 4-400[1][a]). The mayor is required to vote in the case of a tie(ibid.). We believe it is clear that the mayor is a member of the board of trustees and therefore is included in determining whether a quorum is present and whether there are sufficient votes for action (Op Atty Gen [Inf] 81-75). As with any other board member, he has the authority to vote on any matter before the board, but is required to vote in the event of a tie.
Next you ask whether in the event of a protest against a proposed zoning change by a seven member board of trustees, what vote is necessary in order to approve the change. Under section 7-708(1), in villages with boards of trustees consisting of more than three members, upon the filing of a protest, a three-fourths vote of the board is necessary to take action. Whenever three or more public officers exercise any power, a majority of the whole number of such persons or officers constitutes a quorum and not less than a majority of the whole number may perform and exercise the power (General Construction Law, § 41). Under this provision "whole number" means the total number which the board or other group of officers would have if there were no vacancies and if none of the members were disqualified from acting (ibid.). This provision has also been construed as defining legislative action by a local body required to act by a two-thirds or three-fourths majority (Mtr. ofSmithtown v Howell, 31 N.Y.2d 365, 376-378 [1972]; Savatgy v City ofKingston, 20 N.Y.2d 258, 263 [1967]). Since your board of trustees has seven members, it is required that action be taken by three-fourths of the "whole number" of the board (Village Law, § 7-708[1]; General Construction Law, § 41). Three-fourths of your seven member board comes to 5.25, thus requiring the vote of at least six members to take action on a proposed zoning change (Bismark v Incorporated Villageof Bayville, supra).
We conclude that in the event of a protest of a proposed change in the zoning regulations, action must be taken by three-fourths of the whole number of a board of trustees consisting of seven members. Six votes are necessary for action.