■ LIBERTY DINER, INC., Respondent, v 2635 FOOD CORP. et al., Appellants. [694 NYS2d 438] —In an action pursuant to RPAPL article 6 to recover possession of real property, the defendant Finetech Construction Corp. appeals from (1) an order

of the Supreme Court, Suffolk County (Kitson, J.), dated December 23, 1997, which, *inter alia,* denied its motion, among other things, for summary judgment dismissing the complaint, and (2) a judgment of the same court, dated March 20, 1998, which granted the plaintiff, Liberty Diner, Inc., possession of the subject premises. The notice of appeal from an order of the same court, dated December 17, 1997, is deemed to be a premature notice of appeal from the judgment. The defendant 2635 Food Corp. separately appeals from the order dated December 23, 1997.

Ordered that the appeal by 2635 Food Corp. from the order dated December 23, 1997, is dismissed, for failure to perfect the same in accordance with the rules of this Court (*see,* 22 NYCRR 670.8 [e]); and it is further,

Ordered that the appeal by Finetech Construction Corp. from the order dated December 23, 1997, is dismissed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that the respondent is awarded one bill of costs, payable by the appellant Finetech Construction Corp.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see, Matter of Aho,* 39 NY2d 241, 248). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see,* CPLR 5501 [a] [1]).

Contrary to the contention of Finetech Construction Corp. (hereinafter Finetech), the Supreme Court properly determined that the plaintiff, Liberty Diner, Inc. (hereinafter Liberty), effectively terminated the subject lease through its demand for rent sent by its attorney to the attorney for Finetech. The attorney representing Liberty was named in the lease and was known to Finetech by virtue of communications the attorney had with Finetech regarding the lease (*cf., Siegel v Kentucky Fried Chicken,* 108 AD2d 218, *affd* 67 NY2d 792).

Moreover, the notice to the attorneys for Finetech was also valid, as Finetech had advised Liberty that notices concerning the lease should be sent to its attorney.

The remaining contentions of Finetech are without merit. S. Miller, J. P., Santucci, Schmidt and Smith, JJ., concur.