OPINION OF THE COURT
Eileen N. Nadelson, J.
The tenants in this commercial holdover proceeding have moved for a summary judgment based on the following question of law: Whether it is fatal to the maintenance of a summary holdover proceeding if a notice of termination fails to include evidence of the authority of the signatory to act on behalf of the owner.
On August 20, 1991, the tenants and the landlord entered into a written lease agreement for the subject premises. The initial lease was extended by letter dated July 7, 1999 for a term ending on August 31, 2001. The tenants have remained in possession to date and have rendered rent payments which have been accepted. On January 21, 2002, a notice of termination was sent to the tenants.
The lease and the extension were signed by the tenants and Chong Kim as the agent for the landlord. Chong Kim is the *318 husband of Hee Jung Kim, the signatory of the notice of termination in question, and both are principals of Scarlet Kim Realty & Co., Inc., which purports to be the managing agent for the landlord. According to the affidavit in opposition to this motion, which was not factually contradicted by the tenants, Mrs. Kim was present at the initial signing of the lease. Tenants tendered all rent for the premises to Mrs. Earn at her office at Scarlet Kim Realty & Co., Inc. Tenants’ rent payment envelopes were issued “c/o Scarlet Kim & Co., Inc.” Tenant contacted Mrs. Kim over the period of the tenancy with respect to complaints about the premises. The landlord has submitted a copy of a letter dated June 6, 2000 on tenants’ letterhead addressed to Mrs. Kim regarding such complaints. Further, tenant has been to Mrs. Kim’s office and spoken to her in person.
A summary judgment may only be granted when it is clear that no triable issue of fact exists. (CPLR 3212; Alvarez v Prospect Hosp., 68 NY2d 320 [1986].) The tenants have not disputed any of the stated facts, and therefore the only question remaining is whether the notice of termination meets statutory requirements as a matter of law.
The 30-day notice of termination was signed by “Hee Jung Kim, officer of Scarlet Kim Realty & Co., Inc., the managing agent for the Owner.” A notice to terminate, under section 232-a of the Real Property Law, is defined as a “notice in writing to the effect that the landlord elects to terminate the tenancy and that unless the tenant removes from such premises * * * the landlord will commence summary proceedings under the statute to remove such tenant therefrom.” This section of the statute applies to month-to-month tenants, such as holdover tenants, and is a prerequisite to the commencement of summary proceedings to remove the tenant. (Rita Knitting Mills v Seidler, 40 Misc 2d 725 [1963].)
Movants allege that the signature appearing on the notice of termination was not accompanied by any proof of the signatory’s authority and is therefore invalid. To substantiate this argument movants rely heavily on Siegel v Kentucky Fried Chicken of Long Is. (108 AD2d 218 [2d Dept 1985]). In that case the notice of termination was signed by a person claiming to be the owner’s attorney. The underlying lease named a different attorney from the signatory attorney as the owner’s agent. Further, the tenant had no prior dealings with or knowledge of the attorney who signed the notice. The Court held that “a notice of termination signed by an agent or attorney who is not named in the lease as authorized to act for the *319 landlord in such matters, and which is not authenticated or accompanied by proof of the latter’s authority to bind the landlord in the giving of such notice, is legally insufficient to terminate the tenancy.” (Id. at 220.) The purpose of requiring evidence of the agent’s authority to accompany the notice of termination is to permit the tenant to know “with safety” that the notice emanates from a person with the requisite authority so that the tenant may act thereon without the peril of being subject to claims from the owner. (Reeder v Sayre, 70 NY 180 [1877].)
In the instant case the lease agreement between the parties did not name any particular person as being authorized to act as the agent for the owner with respect to signing notices. Section 711 (2) of the Real Property Actions and Proceedings Law, the statutory predicate for summary proceedings, does not require that notices of termination be signed by the landlord personally. Although the notice of termination did not include evidence of Mrs. Kim’s authority to act for the owner, the tenants and Mrs. Kim have had a relationship based on the lease agreement for a considerable number of years.
In 54-55 St. Co. v Torres (171 Misc 2d 237 [App Term, 1st Dept 1997]), tenants had been billed by the managing agent for the three months preceding the notice of default which the agent signed without any accompanying evidence of his authority. The court distinguished these facts from Siegel, stating that, based on the existing relationship between the tenants and the managing agent, there could be no doubt about the managing agent’s authority to bind the landlord. Hence, the notice of default signed by the managing agent was found to be legally sufficient. In the instant case the tenants had been billed by Mrs. Kim for over 11 years preceding the notice of termination which would preclude their having any doubt regarding Mrs. Kim’s authority to act for the landlord.
Similarly, in Barstow Rd. Owners v Billing (179 Misc 2d 958 [1998]), the District Court for Nassau County found that the tenants in a cooperative clearly had knowledge that the managing agent who signed the 10-day notice was the managing agent for the landlord. The evidence indicated that the tenants had repeated dealings with the agent over several years and paid their fees to that agent.
In determining the sufficiency of a notice of termination, the court may look beyond the four corners of the notice to determine whether the appropriate legal requirements have been met. (See White Angel Realty v Asian Bros. Corp., 183 Misc 2d 674 [2000].) Unlike the parties in Siegel (supra), in *320 which the signatory attorney was a legal and factual stranger to the tenant, Mrs. Kim was factually known to the tenants for a significant period of time as authorized to act on behalf of the landlord. The purpose of the holding in Siegel is to provide tenants with assurance that notices purported to come from the landlord are in fact so authorized. Whenever such assurance can be demonstrated to exist, either by legal document or "actual occurrence, statutory requirements have been satisfied. Therefore, based on the foregoing, the court holds that a notice of termination is valid even in the absence of accompanying evidence of the signatory’s authority to act provided that the tenants can reasonably determine, based on past dealings with the signatory, that the signatory is so authorized.
Motion for summary judgment is denied.