■ In the Matter of QPII-143-45 SANFORD AVENUE, LLC, Respondent, v ERIC L. SPINNER, Appellant. [969 NYS2d 90]—

In a summary proceeding to recover possession of real property based on the nonpayment of rent, Eric L. Spinner appeals, by permission, from an order of the Appellate Term of the Supreme Court for the Second, Eleventh, and Thirteenth Judicial Districts, dated September 21, 2011, which, inter alia,

affirmed a judgment of the Civil Court, Queens County (Kramer, J.), which, upon an order of the same court entered August 27, 2009, denying his motion to dismiss the petition for lack of subject matter jurisdiction, and, after a nonjury trial, is in favor of the petitioner and against him in the sum of $11,678.52 and awarded the petitioner possession of the subject real property.

Ordered that the order dated September 21, 2011, is affirmed, with costs.

QPII-143-45 Sanford Avenue, LLC (hereinafter Sanford), is the owner of premises in Flushing (hereinafter the premises). The appellant occupied a rent-stabilized apartment at the premises for more than 35 years, most recently pursuant to a two-year lease (hereinafter the lease) dated May 8, 1990, with the term commencing on May 15, 1990, which had been renewed for numerous successive terms.

Sanford served the appellant with a five-day notice dated April 2, 2009 (hereinafter the notice), which asserted that the appellant failed to make timely rental payments totaling $9,047.92, and set forth the date and amount for each month in which the appellant was allegedly in arrears. The signature line contained the handwritten signature of "C McGovern," with the phrase "By: Cathy McGovern, agent for," inscribed over the typewritten name "QPII-143-45 Sanford Avenue LLC Landlord."

The appellant argues that the notice was invalid because it was signed by someone purporting to be the landlord's agent, without proof of such agent's authority to act on the landlord's behalf, as this Court required in *Siegel v Kentucky Fried Chicken of Long Is.* (108 AD2d 218 [1985], *affd* 67 NY2d 792 [1986]).

Contrary to the appellant's contention, the Appellate Term properly distinguished this Court's decision in *Siegel v Kentucky Fried Chicken of Long Is.* (108 AD2d at 221). As the majority of the Appellate Term's panel noted, *Siegel* is limited to the "factual peculiarities" of the lease in that case. The lease in *Siegel*, unlike the lease in the case at bar, designated certain rights that were to be exercised by "the 'Landlord *or* Landlord's agent[ ]' " and designated the landlord's attorney by name, while the three-day forfeiture notice that was the subject of that dispute was sent by another attorney, who was unknown to the tenant (*see Siegel v Kentucky Fried Chicken of Long Is.*, 67 NY2d at 794). The relevant provision of the lease herein (hereinafter the notice provision), provided that the "Landlord shall give Tenant written notice of default stating the type of default," and, unlike the lease in *Siegel*, did not expressly obligate Sanford to act only personally or through an identified

agent. Consequently, although the notice indicated that it was signed by Sanford's previously unidentified agent, the failure to include evidence of the agent's authority to bind the landlord, which we found necessary in *Siegel*, did not render Sanford noncompliant with the requirements of the notice provision (*see* RPAPL 711 [2]), and did not render the notice invalid.

The appellant's remaining contentions are without merit. Rivera, J.P., Leventhal, Sgroi and Cohen, JJ., concur.