Francis T. Murphy, J.
Motion by plaintiff Richard Bruce & Co., Inc. (hereinafter called Bruce) for summary judgment striking defendant’s answer and directing defendant to deliver to Bruce certain financial reports, is granted. The cross motion is granted, without opposition, to the extent only of striking the individual plaintiff’s complaint, and, therefore, the cross *746 motion for an order consolidating this action with another, pending between the same parties, is denied as academic.
Bruce and defendant entered into an underwriting agreement whereby Bruce, a stock brokerage and underwriting firm, was engaged as defendant’s exclusive agent for the issuance and sale of defendant’s stock to the public. Plaintiff Bruce alleges that the agreement was performed by it and the stock sold. However, pursuant to the agreement, defendant was obliged to deliver to Bruce, at certain times, balance sheets and other financial reports, so that Bruce, as the stock brokerage firm principally interested in defendant’s affairs, would be able to answer questions that would be asked of it by prospective stock purchasers concerning defendant. Bruce claims that defendant’s failure to deliver these reports will and has already damaged Bruce’s reputation. The existence, execution and contents of the underwriting agreement relied upon are not contested. However, defendant contends, in conclusory terms, that it has a good defense, that the alleged prior demand for the statements is unsubstantiated, and that a prior decision of this court precludes granting the relief sought. Inasmuch as the complaint rests upon documentary evidence, which has been submitted and substantiated herein, the claim, unsupported by evidentiary matter, that defendant has a good defense, is insufficient. So, too, the implied lack of a prior demand for the reports is denied in the moving papers, and not asserted with any degree of clarity in the opposing papers. The prior decision of this court, referred to, was rendered in the other action between the parties, and denied a motion by plaintiff to dismiss a counterclaim. Accordingly, it is not a bar to granting the relief, herein requested. The purported first affirmative defense in defendant’s answer is insufficient, for a denial of Bruce’s performance of the contract, to be effective, must ‘ ‘ be made specifically and with particularity ” (CPLB 3015, subd. [a]). The second affirmative defense urges plaintiff’s bad motives as a bar to the relief requested. However, this is unsupported in the motion papers, and thus insufficient to warrant denial of this motion. It is, in conclusion, difficult to see how requiring defendant, a public corporation, to furnish the reports requested, can cause any injury to defendant.