■ NATHAN R. ROGERS et al., Doing Business as 673 FIRST AVENUE ASSOCIATES, Appellants, v NEW YORK TELEPHONE COMPANY, Respondent.— Order, Supreme Court, New York County, entered August 1, 1979 and judgment entered thereon, August 20, 1979, which, *inter alia,* awarded defendant summary judgment dismissing the complaint, unanimously reversed, on the law, with costs and disbursements, and the complaint reinstated. In this ejectment action based on the tenant's alleged violation of numerous material terms of a commercial lease, Special Term denied plaintiff's motion for summary judgment and, after searching the record, determined that the notice to cure was defective and could not serve as the basis for the subsequently served notice of cancellation. Accordingly, the court, *sua sponte,* granted summary judgment to the tenant pursuant to CPLR 3212 (subd [b]) and dismissed the complaint. We reverse, reinstate the complaint and remand for trial. Special Term found the notice to cure defective in that the attorney's authorization to act for the landlord did not appear in the notice; the notice, although otherwise properly mailed, was not sent to the attention of the party designated in the lease; and the alleged violations upon which the landlord relied were not stated with sufficient specificity. Aside from the tenant's failure to preserve the sufficiency of the notice to cure as an issue by specific denial in its answer *(Bruce & Co. v Transition Systems,* 41 Misc 2d 745; CPLR 3015, subd [a]), or even to suggest this issue in its answering affidavits, the argument that the notice was deficient is patently devoid of any merit. The notice was actually timely received by the lease designee, and acted upon to the extent of engaging an engineering firm to correct the defects. Upon that representation the landlord, which expressly reserved its rights, was induced to defer commencing this proceeding. Moreover, no confusion as to the signatory's authority could exist. He was a general partner in the limited partnership which leased the

premises and, in fact, had signed the lease for the partnership as landlord. Finally, the specifications were more than adequate. In fact, the violations stated had been, for the most part, the subject of 33 letters of complaint, largely ignored by the tenant over the four years of the lease. The tenant's letter of May 3, 1978, in response to the notices to cure and terminate, confirmed the tenant's understanding of the nature of the specific violations alleged. Summary judgment cannot be granted to the landlord because, as it concedes, a properly raised issue remains as to whether the property damage at the center of its complaints is structural in nature, as the tenant claims, or due to tenant's misuse, as it claims. Concur—Sullivan, J. P., Markewich, Yesawich and Carro, JJ.