■ ETHNE BOOTH, Respondent-Appellant, v EMIL LANDAU et al., Appellants-Respondents, et al., Defendants. — In an action, *inter alia,* for a declaration pursuant to section 320 of the Real Property Law that a deed executed by plaintiff be deemed a mortgage and that the underlying loan was usurious, defendants Emil and Lorraine Landau appeal from stated portions of a judgment of the Supreme Court, Westchester County (Marbach, J.), dated February 17, 1983, which, after a nonjury trial, *inter alia,* directed that the deed be canceled and declared that the defendants have no interest in the realty described in the deed and no claim against plaintiff for expenditures made by them in connection with said realty. Plaintiff cross-appeals, *inter alia,*

as limited by her notice of appeal and brief, from so much of the same judgment as dismissed her first cause of action for a declaration that the deed was a mortgage. ¶ Judgment modified, on the law and the facts, by deleting from the first decretal paragraph thereof the provision dismissing plaintiff's first cause of action; adding to the second decretal paragraph thereof after the words "at Page 280" the words "is deemed to be a mortgage and the same is directed to"; and by adding to the fifth decretal paragraph thereof after the words "said realty" the words "except the sum of $6,943.80 paid by defendants Landau as and for town and school taxes on said realty for the years 1980 through 1982, together with interest on each of the respective payments thereof from the date of payment, and that defendants Landau have judgment against plaintiff therefor". As so modified, judgment affirmed insofar as appealed from, without costs or disbursements, and matter remitted to the Supreme Court, Westchester County, for entry of an appropriate amended judgment accordingly. ¶ Based on its finding that the advancement of $35,000 by defendants-appellants to plaintiff constituted a usurious loan, the trial court, in addition to voiding the indebtedness pursuant to section 5-501 of the General Obligations Law, decreed the cancellation of the deed executed by plaintiff to defendant Lorraine Landau as the grantee. In its underlying decision the court nevertheless held that the cause of action based on section 320 of the Real Property Law for a declaration that the deed be deemed a mortgage should be dismissed. That statute states that "[a] deed conveying real property, which, by any other written instrument, appears to be intended only as a security in the nature of a mortgage, although an absolute conveyance in terms, must be considered a mortgage". ¶ The court stated that since "[n]o written instrument here in so many words described the transaction as a mortgage * * * a cause of action under Section 320 of the Real Property Law is not made out". We disagree. ¶ The simultaneously executed one-year option by the grantee to the grantor's attorney to repurchase at a substantially higher price, together with the one-year lease of the premises to the grantor's husband, constituted sufficient proof "by * * * other written instrument[s]" (see Real Property Law, § 320), that the deed was intended as a security for a loan. This, coupled with the court's findings that the parties intended the transaction to be a loan and that the repurchase price reflected an increment above the legal interest rate, requires a declaration that the deed be deemed to be a mortgage (see *Pioneer Vil. Dev. Corp. v XAR Corp.*, 55 AD2d 769). ¶ Thereafter defendants-appellants paid the real estate taxes, totaling $6,943.80, as they became due, on the premises which were occupied by plaintiff, rent free. Said defendants are entitled to judgment for that sum, together with interest as of the respective dates the payments were made, since those payments were not necessarily the result of the usurious agreement (see *Pisano v Rand,* 30 AD2d 173, 176). Gibbons, J. P., Brown, Niehoff and Boyers, JJ., concur.