OPINION OF THE COURT
Per Curiam.
Order dated July 17, 1996 affirmed, with $10 costs.
*238 We reject, as did Civil Court, the jurisdictional argument raised by the commercial tenants in defense of this holdover proceeding. While the tenants in their moving papers below appropriately conceded the validity of the landlord’s cure and termination notices (dated Apr. 4 and Apr. 15, 1996, respectively), tenants nonetheless argued that the landlord’s initial March 25, 1996 notice of default was a "nullity” because signed by the landlord’s managing agent, rather than a principal of the corporate landlord itself. The record establishes, however, that this same managing agent had billed tenants for rent over at least a three-month period before issuance of the March 25, 1996 notice of default, and no basis is shown for tenants to have doubted the managing agent’s authority to bind the landlord. In these circumstances, the default notice was legally sufficient to advise the tenants of their lease violation (see, Melohn v Guy, NYLJ, Mar. 21, 1989, at 21, col 2 [App Term, 1st Dept]; see also, Yui Woon Kwong v Eng, 183 AD2d 558). The situation here is to be distinguished from that presented in Siegel v Kentucky Fried Chicken (108 AD2d 218, affd 67 NY2d 792), where an attorney unknown to the tenant had given default and termination notices without proof of authority.
Inasmuch as tenants have presented no cognizable substantive defense, summary judgment of possession was properly awarded to landlord on the holdover petition.
Ostrau, P. J., McCooe and Freedman, JJ., concur.