OPINION OF THE COURT
Memorandum.
Appeal from order dismissed. Said order was subsumed in the final judgment.
Final judgment and order unanimously modified by striking the monetary award and providing that landlord is awarded use and occupancy in the sum of $1,175.29. As so modified, final judgment and order affirmed with $25 costs to landlord.
The Justice Court properly denied tenant’s motion to dismiss inasmuch as there was no defect of any consequence in the notice of termination or in the petition. Moreover, the court did not err in declining to give tenant an opportunity to answer (CPLR 404 [a]; see, Matter of Dodge, 25 NY2d 273, 286-287; Matter of Huber v Mones, 235 AD2d 421) and in awarding summary judgment to landlord (CPLR 409 [b]). In light of tenant’s admission that she was a month-to-month tenant and that the 30-day notice was served upon her, there were no issues for trial with respect to landlord’s claim to recover possession. Tenant’s contention that landlord’s renewal of its offer of a lease vitiated the notice of termination was properly rejected by the Justice Court. The offer of a lease did not contradict the *611 notice of termination, particularly because it was at all relevant times clear that landlord would not accede to tenant’s remaining in possession on a month-to-month basis.
There is no merit in tenant’s contention on appeal that the Justice Court of the Town of Eastchester does not have jurisdiction over the proceeding because the property is located within the Village of Tuckahoe, which has its own Justice Court. UJCA 201 (b) provides that town and village courts have concurrent jurisdiction over civil causes of action arising within the village, and this rule applies to summary proceedings (Sexton Realty Co. v DiPietro, NYLJ, Feb. 14, 1994, at 33, col 3 [App Term, 9th & 10th Jud Dists]).
However, the Justice Court erred in awarding landlord use and occupancy at the rate of $832 per month. The petition and notice of petition demanded only $820 per month. Although tenant claimed she was paying $820 less heating costs, these costs are not a factor in August. Accordingly, we award use and occupancy at the rate of $820 per month.
It was also error for the Justice Court to award use and occupancy for the period subsequent to its determination of the motion. Use and occupancy may be awarded only through the time of trial or, here, summary judgment, which is the equivalent of trial (GMAC Mtge. Corp. v Carney, NYLJ, Sept. 23, 1997, at 29, col 3 [App Term, 2d & 11th Jud Dists]; Drivas v Lekas, 48 NYS2d 781). Accordingly, use and occupancy is awarded only through September 13, 1999.
DiPaola, Floyd and Doyle, JJ., concur.