■ GABRIELE HAMMERSTEIN, Appellant, v HENRY MOUNTAIN CORPORATION, Respondent. [784 NYS2d 657]—

Kane, J. (1) Appeal from an order of the Supreme Court (Coccoma, J.), entered September 30, 2003 in Delaware County, in favor of plaintiff, and (2) motion to dismiss appeal.

In 1998, plaintiff sold defendant a parcel of property consisting of a house, a barn and approximately 626 acres of land. In consideration, defendant paid a $150,000 down payment and executed a $600,000 purchase-money mortgage. Under the terms of the mortgage, defendant agreed to pay interest only at the rate of $4,000, or 8%, monthly until the principal was due to be paid in full. The mortgage contained an acceleration provision in the event of defendant's default, which was partially defined as defendant's failure to make any payment within 15 days of the due date. Plaintiff claimed that defendant defaulted by failing to timely make the June 11, 2000 payment. She elected to declare a default and accelerate the mortgage on July 3, 2000. A month later, plaintiff commenced this foreclosure action. After a few years, and while a trial date was scheduled, plaintiff moved for a stay and an immediate trial because defendant planned to sell the property at auction. Supreme Court granted an immediate trial. The court found defendant in default for failure to timely make the June 2000 mortgage payment, and found that plaintiff should have judgment against defendant for the principal balance due on the mortgage as of May 11, 2000 plus 8% interest.[1] The court appointed a referee to compute the amount due, found plaintiff's remaining contentions without merit, and stated that defendant had the right of redemption until the date of the foreclosure sale.[2] Plaintiff appeals.

Defendant initially contends that this appeal should be dismissed because plaintiff appealed from an unappealable deci-

---

1. All parties acknowledge that Supreme Court's decision incorrectly listed 2002 as the year in the date of default and the date from which interest would start accruing.

2. This Court denied plaintiff's motion for a stay preventing defendant from selling the property. Apparently, the property was sold at auction for well above the amount due on the mortgage, and money has been deposited with the court.

sion rather than from a judgment or order (*see* CPLR 5512 [a]; *Matter of Palmer v Palmer*, 284 AD2d 612, 613 [2001]; *Citibank (South Dakota) v Morrissey*, 276 AD2d 963 [2000]). Regardless of the label employed by Supreme Court (*see Matter of Reynolds v Dustman*, 1 NY3d 559, 560-561 [2003]), we deem the paper a mixed decision and order. This order "affect[ed] a substantial right" of the parties, making it appealable (CPLR 5701 [a] [2] [v]; *see Grand Cent. Art Galleries v Milstein*, 89 AD2d 178, 181 [1982]; *see also Matter of Bezio v New York State Off. of Mental Retardation & Dev. Disabilities*, 95 AD2d 135, 136-137 [1983], *revd on other grounds* 62 NY2d 921 [1984]; *but see Mortgagee Affiliates Corp. v Jerder Realty Servs.*, 62 AD2d 591, 594-595 [1978], *affd* 47 NY2d 796 [1979]; *Worth v Speenburgh*, 322 NYS2d 319 [1971]). Thus, we will not dismiss the appeal, and will instead address its merits.

Supreme Court misstated the applicable rate of interest. Interest should be calculated for the missed June 2000 payment at the note and mortgage rate of 8% from the due date until the date of acceleration, namely June 11, 2000 until July 3, 2000, and on the balance of the mortgage at the statutory rate of 9% beginning July 3, 2000 to the date of judgment or payment into court of the full amount due (*see Gizzi v Hall*, 309 AD2d 1140, 1141 [2003]; *Heimbinder v Berkovitz*, 263 AD2d 466, 467 [1999], *lv denied* 94 NY2d 755 [1999]).

Supreme Court properly permitted defendant to exercise its right of redemption. Plaintiff contends that her consent is necessary before any sale of the property because her purchase-money mortgage "is not a mortgage in the conventional sense, but a delayed payment for the property" under which she retains priority rights to and ownership of the property. She apparently has confused a purchase-money mortgage with a land sale contract. Unlike a land sale contract, where the seller retains the deed and is the titled owner until all payments are made, plaintiff held a purchase-money mortgage giving her a security interest in the property, but defendant was the titled owner with possession of the deed subject to plaintiff's mortgage. Despite language in the mortgage that defendant could not sell the property without plaintiff's consent, the equity of redemption, or right to redeem the property upon tender of the entire amount due on the loan, " 'is inseparably connected with a mortgage' " and " 'cannot be waived or abandoned' " (*Mooney v Byrne*, 163 NY 86, 92 [1900], quoting *Peugh v Davis*, 96 US 332, 337 [1877]; *see Basile v Erhal Holding Corp.*, 148 AD2d 484, 485-486 [1989], *lv denied* 75 NY2d 701 [1989]). The court properly found that defendant had a right to redeem the

property at any time before the foreclosure sale, and that it could do so by selling the property and tendering the amount due to plaintiff from the proceeds. Plaintiff's concerns that defendant could destroy her interest in the property by selling it are illusory, as she still had a recorded mortgage and lis pendens which protected her.

Plaintiff is not entitled to receive rent for defendant's use and occupancy of the mortgaged property after its default. Under the terms of the mortgage, in case of default plaintiff could require defendant to pay the fair rental value of the property monthly in advance. As plaintiff made no effort to collect rent in advance and never raised the issue until trial, more than three years after defendant's default, she is not now entitled to collect such rents. In any event, such rent would be considered only as an equitable setoff to the amount due on the mortgage debt, as security against that debt (*see Gasco Corp. & Gordian Group of Hong Kong v Tosco Props.*, 236 AD2d 510, 512 [1997]). Plaintiff's arguments that she is entitled to damages for the destruction of the property through logging and failure to maintain the buildings are similarly unavailing. As noted earlier, plaintiff's interest in the property consisted only of a security interest related to her purchase-money mortgage. As long as she receives the full amount due under that document such that her security interest in the property is protected, the removal of trees after default does not impair her rights and the property's condition is irrelevant (*see Heller v Amawalk Nursery*, 253 App Div 380, 383-386 [1938], *affd* 278 NY 514 [1938]). Monetary amounts for such damages are meaningful only if plaintiff is not paid the amount adjudged due under the mortgage, an amount yet to be determined by Supreme Court.

Plaintiff's remaining contentions have been considered and need not be addressed.

Spain, J.P., Carpinello, Mugglin and Rose, JJ., concur. Ordered that the motion is denied, without costs. Ordered that the order is modified, on the law and the facts, without costs, by amending the date of default to June 11, 2000, providing that interest shall be paid at the note and mortgage rate of 8% from June 11, 2000 until July 3, 2000, and on the balance of the mortgage at the statutory rate of 9% beginning July 3, 2000 to the date of judgment or payment into court of the full amount due; and, as so modified, affirmed.