ALICE LARAINE DIMERY, Appellant-Respondent, v ULSTER SAVINGS BANK, Respondent-Appellant. [789 NYS2d 159]—

In an action, inter alia, for an accounting, which was consolidated with a summary holdover proceeding to recover possession of and to evict the plaintiff from the subject premises, the plaintiff appeals from stated portions of a judgment of the Supreme Court, Putnam County (Hickman, J.), entered October 26, 2000, which, after, among other things, a nonjury trial, dismissed the complaint and is in favor of the defendant on its counterclaims, and awarded the defendant damages representing unpaid rent and taxes for the plaintiff's occupancy of the subject premises after termination of the parties' joint venture agreement for the period from April 1, 1991, through October 1, 2000, and the defendant cross-appeals from the same judgment.

Ordered that the cross appeal is dismissed as abandoned, for failure to prosecute same in accordance with the rules of this Court (see 22 NYCRR 670.8 [c], [e]); and it is further,

Ordered that the judgment is modified, on the law, by deleting therefrom (1) the eleventh decretal paragraph, awarding the defendant damages representing unpaid rent for the period from April 1, 1991, through October 1, 2000, and (2) the fourteenth decretal paragraph, awarding the defendant damages representing unpaid taxes for the period from April 1, 1991, through October 1, 2000; as so modified, the judgment is affirmed insofar as appealed from, without costs or disbursements.

The trial court's conclusion that the March 1, 1985, agreement between the parties did not constitute a reinstatement of the plaintiff's mortgages was based on a fair interpretation of the evidence (see Donati v Marinelli Constr. Corp., 247 AD2d 423 [1998]; Booth v Landau, 103 AD2d 733 [1984]; Corcillo v Martut, Inc., 58 AD2d 617 [1977], affd 45 NY2d 878 [1978]; Real Property Law § 320).

However, under the circumstances of this case, the trial court erred in awarding the defendant damages representing unpaid rent and taxes for the plaintiff's occupancy of the subject

premises after termination of the parties' joint venture agreement. The defendant's petition in the summary holdover proceeding sought to recover possession of the subject premises and did not request an award of damages for unpaid rent or taxes, and the defendant's counterclaim in the consolidated action requested damages only as a form of alternative relief in the event that it was not awarded possession of the premises and a warrant of eviction (*see Port Chester Hous. Auth. v Turner,* 189 Misc 2d 603 [2001]; *Fisher Ave. Realty Partners v Hausch,* 186 Misc 2d 609 [2000]). Moreover, the defendant never sought to collect rent or taxes from the plaintiff, and did not raise this issue at trial (*see Hammerstein v Henry Mtn. Corp.,* 11 AD3d 836 [2004]). Florio, J.P., Krausman, Goldstein and Mastro, JJ., concur.