■ CHRISTOPHER A. MEASOM et al., Respondents-Appellants, v GREENWICH AND PERRY STREET HOUSING CORPORATION, Appellant-Respondent. [840 NYS2d 52]—

Order of the Appellate Term of the Supreme Court of the State of New York, First Department, entered May 6, 2005, which modified a judgment of Civil Court, New York County (Lucy Billings, J.), entered October 29, 2002, inter alia, awarding damages to plaintiffs on their causes of action for breach of their proprietary lease, unanimously modified, on the law, to reinstate the provision of the judgment relating to payment of interest from January 8, 1988, and otherwise affirmed, without costs.

On a prior appeal, this Court, reversing Supreme Court, ruled that the subject cellar apartment was not legally habitable for residential purposes, and remanded to Supreme Court for a trial on damages (268 AD2d 156 [2000], *lv dismissed* 99 NY2d 608 [2003]). On remand, Supreme Court transferred the case to the Civil Court pursuant to CPLR 325 (d). After a nonjury trial, plaintiffs were awarded damages on their breach of lease causes of action in the amount of $77,000, plus interest, and $128,264 in attorneys' fees. A divided Appellate Term modified the judgment to the extent of advancing the date from which interest would be measured from January 8, 1988, when plaintiffs purchased their shares to the apartment, to October 1, 1990, "so as to comport [the judgment] with the applicable, four-year limitations period." This was error.

The affirmative defense of the statute of limitations was abandoned by defendant since it failed to raise it as an alternative ground for affirmance on the prior appeal when it was germane to this Court's determination (*cf. Matter of Matarazzo*

*v Safir*, 261 AD2d 142 [1999]). In any event, the breach of plaintiffs' proprietary lease and the duty to convey habitable premises "amounts to a continuous or recurring wrong" that "is not referable exclusively to the day the original wrong was committed" (*1050 Tenants Corp. v Lapidus*, 289 AD2d 145, 146 [2001]). In view of defendant's abandonment of the statute of limitations defense and the continuing breach of the proprietary lease, Appellate Term erred in setting the commencement of interest on the damage award on a date other than when the initial breach occurred.

We have considered the parties' remaining arguments for affirmative relief and see no basis to disturb the trial court's award of damages and counsel fees. Concur—Tom, J.P., Mazzarelli, Williams, Buckley and McGuire, JJ. [*See* 8 Misc 3d 50.]