■ GABRIELE HAMMERSTEIN, Appellant, v HENRY MOUNTAIN CORPORATION, Respondent. [886 NYS2d 839]—

Kane, J. Appeal from an order of the Supreme Court (Coccoma, J.), entered May 26, 2006 in Delaware County, which granted plaintiff's motion for, among other things, a judgment in her favor.

In June 2000, defendant defaulted on a note secured by a mortgage held by plaintiff. When defendant did not pay the remaining principal plus interest as demanded by plaintiff in accordance with an acceleration clause, plaintiff commenced this foreclosure action.

While this action was pending, defendant paid $785,000 into the court. In March 2004, Supreme Court granted a judgment against defendant, with an interest rate of 8% applied to the principal. Plaintiff appealed the applicable interest rate awarded and this Court modified the decision by applying the statutory interest rate of 9% beginning in July 2000 (11 AD3d 836, 838 [2004]; *see* CPLR 5004). On remittal, Supreme Court amended its decision by awarding interest at the rate of 9% on the total

outstanding debt due as of July 2000. Interest ran on that sum from July 2000 until the date of judgment in March 2004. From that date forward, the court awarded plaintiff 9% interest on the net amount due after subtracting the $785,000 deposited with the court from the total principal and interest due, and on the statutory fees deducted by the county treasurer pursuant to CPLR 8010 (1).\* Plaintiff appeals.

Supreme Court correctly awarded interest in accordance with our prior decision and the applicable sections of the CPLR (*see* 11 AD3d at 838; CPLR 5001-5004). Additionally, the court properly ordered defendant to pay the statutory fee charged by the county treasurer. The treasurer of a county is entitled to collect "two per cent upon a sum of money paid out of court by him [or her]" (CPLR 8010 [1]). Plaintiff essentially contends that instead of the county charging plaintiff this administrative fee, the county should have charged defendant. That contention clearly misconstrues the law. CPLR 2603 states that "[a] party entitled to the income of any property paid into court shall be charged with the expense of administering such property and of receiving and paying over the income thereof." While the statute requires the county to charge and withhold that administrative fee from the deposited money paid out to plaintiff, the court ordered that defendant reimburse plaintiff the amount of the deducted fee plus interest. That order ensures that plaintiff will be made whole again.

Mercure, J.P., Lahtinen, McCarthy and Garry, JJ., concur. Ordered that the order is affirmed, with costs.

---

\* Though not calculated in Supreme Court's judgment, those fees amounted to $15,700.