ASHLEY REALTY CORP., Respondent, v ANDREW KNIGHT, Appellant, et al., Respondents. [901 NYS2d 204]—

Order of the Appellate Term of the Supreme Court of the State of New York, First Department, entered May 21, 2009, which reversed an order of the Civil Court, New York County (Oymin Chin, J.), dated May 29, 2008, granting the tenant's motion to dismiss the petition, and reinstated the petition, unanimously affirmed, without costs.

Petitioner landlord commenced this summary holdover proceeding on the theory that the premises was not respondent tenant's primary residence. Respondent failed to submit an answer, and upon his failure to appear in Civil Court on the return date of the petition, the matter was set down for an inquest. Prior to the inquest, respondent, instead of seeking to vacate his default, moved to dismiss the petition, arguing that since the signature on the notice of nonrenewal was illegible

and the notice lacked printed information under the signature identifying the person who had signed it on behalf of the landlord, it was insufficient to terminate his tenancy.

Assuming that respondent could seek dismissal of the petition despite his failure to seek vacatur of the default, a notice of termination must, as a general rule, be signed by the landlord or, if the landlord's agent or attorney is named in the lease, the landlord's agent or attorney (*see Linroc Enters. v 1359 Broadway Assoc.*, 186 AD2d 95 [1992]; *Siegel v Kentucky Fried Chicken of Long Is.*, 108 AD2d 218, 220 [1985], *affd* 67 NY2d 792 [1986]). However, where the tenant has had previous dealings with the attorney or other agent and knows that he or she has been granted authority by the landlord, a notice to terminate signed by that person can be valid even without proof of the relationship to the landlord (*see 54-55 St. Co. v Torres*, 171 Misc 2d 237, 238 [1997]).

The record is clear that respondent and/or his attorney have had extensive dealings with the building's registered managing agent, who not only purportedly signed the notice of nonrenewal on behalf of the owner, but also petitioner's prior lease renewal. Given these circumstances, as well as the facts that respondent did not deny that the subject premises is not his primary residence, or seek to vacate his default or ever contest the validity of the similar signature on his lease renewal, the Appellate Term properly reinstated the petition. Concur—Tom, J.P., Sweeny, Moskowitz, DeGrasse and Manzanet-Daniels, JJ.