■ SAMUEL J. DIBERNARDO et al., Respondents, v LINDENWOOD VILLAGE, SEC. A COOPERATIVE CORP., et al., Appellants. [900 NYS2d 908]—In an action, inter alia, for a judgment declaring that the defendants violated the bylaws of the defendant Lindenwood Village, Sec. A Cooperative Corp., by failing to hold an election of directors in October 2006, the defendants appeal (1), as limited by their brief, from so much of an order of the Supreme Court, Queens County (Hart, J.), dated March 2, 2009, as, in effect, granted that branch of the plaintiffs' motion which was for an award of an attorney's fee payable by the defendant Lindenwood Village, Sec. A Cooperative Corp., and (2) from a decision of the same court dated March 9, 2009.

Ordered that the appeal from the decision is dismissed, as no appeal lies from a decision (*see Schicchi v J.A. Green Constr. Corp.*, 100 AD2d 509 [1984]); and it is further,

Ordered that the order dated March 2, 2009, is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the plaintiffs.

The Supreme Court did not err in awarding the plaintiffs an attorney's fee payable by the defendant Lindenwood Village, Sec. A Cooperative Corp. (hereinafter Lindenwood) (*see Dinicu v Groff Studios Corp.*, 257 AD2d 218, 224-225 [1999]; *Measom v Greenwich & Perry St. Hous. Corp.*, 8 Misc 3d 50, 54 [2005], *mod on other grounds* 42 AD3d 366 [2007]).

The defendants' contention that the Supreme Court erred in granting that branch of the plaintiffs' motion which was for the appointment of a temporary receiver to conduct certain of Lindenwood's affairs is not properly before us, as that relief was granted in an order of the Supreme Court, dated June 20, 2008, from which no appeal was taken by the defendants.

The parties' remaining contentions either need not be addressed in light of our determination, or are without merit. Mastro, J.P., Miller, Leventhal and Belen, JJ., concur.