OPINION OF THE COURT
Per Curiam.
Order, dated July 11, 2008, insofar as appealed from, affirmed, without costs.
Having failed to discharge his leasehold obligation to remove his licensee at the expiration of the lease term (see Stahl Assoc. Co. v Mopes, 111 AD2d 626, 629 [1985]), the tenant remained responsible to the landlord for the licensee’s continued occupancy during the pendency of the summary holdover proceeding, viz., until the January 2, 2008 issuance of a possessory judgment in landlord’s favor (see Fisher Ave. Realty Partners v Hausch, 186 Misc 2d 609 [2000]; Rubin v Academy Props. Ltd. Partnership, 9 Misc 3d 132[A], 2005 NY Slip Op 51624[U] [2005]). That there was delay in execution of the warrant of eviction and ouster of the licensee — delay occasioned in part by the landlord’s own inaction — cannot serve to extend the departed tenant’s liability for use and occupancy beyond the court’s merits determination formally severing the tenant’s own possessory interest in the demised premises. A contrary result could lead to the untenable result of rendering a former tenant perpetually liable for an unauthorized occupant’s postjudgment refusal to vacate, and that despite the tenant’s lack of recourse to remove the occupant or hasten the eviction process.
McKeon, EJ, and Schoenfeld, J., concur.