■ In the Matter of MARLA COHAN, Respondent-Appellant, v BOARD OF DIRECTORS OF 700 SHORE ROAD WATERS EDGE, INC., et al., Appellants-Respondents. [969 NYS2d 547]—

In a proceeding pursuant to CPLR article 78, inter alia, to

review a determination of the Board of Directors of 700 Shore Road Waters Edge, Inc., which assessed a fee of $3,000 on the petitioner for an alleged illegal sublet of her apartment in the cooperative corporation, the Board of Directors of 700 Shore Road Waters Edge, Inc., and Jeffrey S. Goldstein, also known as Jeff Goldstein, individually and as President of the Board of Directors of 700 Shore Road Waters Edge, Inc., appeal from so much of an order and judgment (one paper) of the Supreme Court, Nassau County (Murphy, J.), entered June 30, 2011, as granted that branch of the petition which was to rescind the $3,000 fee and denied their motion to dismiss the petition and to award 700 Shore Road Waters Edge, Inc., the $3,000 fee and an attorney's fee pursuant to the proprietary lease and 22 NYCRR 130-1.1, and the petitioner cross-appeals from so much of the same order and judgment as denied that branch of the petition which was for an award of an attorney's fee payable by 700 Shore Road Waters Edge, Inc., pursuant to Real Property Law § 234.

Ordered that the order and judgment is affirmed insofar as appealed from; and it is further,

Ordered that the order and judgment is reversed insofar as cross-appealed from, on the law, that branch of the petition which was for an award of an attorney's fee payable by 700 Shore Road Waters Edge, Inc., pursuant to Real Property Law § 234 is granted, and the matter is remitted to the Supreme Court, Nassau County, for a determination of the amount of the attorney's fee to be awarded to the petitioner and thereafter, the entry of an amended judgment; and it is further,

Ordered that one bill of costs is awarded to the petitioner.

The petitioner is a lessee-shareholder in 700 Shore Road Waters Edge, Inc. (hereinafter the cooperative corporation), who purchased her shares in 2002. Near the end of 2009 and into 2010, various lessee-shareholders complained to the respondent board of directors of the cooperative corporation (hereinafter the board) that the petitioner no longer resided in the subject apartment, which was occupied by another individual who was making "excessive noise." In August 2010, the board assessed a "sublet fee" of $3,000 against the petitioner. Thereafter, the petitioner's attorney wrote to the respondent Jeffrey S. Goldstein, president of the board, objecting to the board's assessment of the sublet fee on the ground that the petitioner had not sublet the subject apartment, but was residing there full-time with her sister. The petitioner's attorney cited paragraph 14 of the proprietary lease, which permits occupancy by a shareholder and certain family members, including sisters. The

board refused to rescind the sublet fee, and Goldstein informed the petitioner that the board would assess additional fees until the noise issue was resolved.

The petitioner subsequently commenced this proceeding pursuant to CPLR article 78, inter alia, to annul the board's determination and to rescind the sublet fee and for a reasonable attorney's fee, alleging that the board had violated the by-laws, the proprietary lease, and applicable law in assessing the sublet fee. The respondents moved to dismiss the petition, and for an award of the sublet fee and an attorney's fee. The Supreme Court denied the board's motion, granted that branch of the petition which was to rescind the sublet fee, and denied the parties' respective requests for attorneys' fees.

"In the context of cooperative dwellings, the business judgment rule provides that a court should defer to a cooperative board's determination so long as the board acts for the purposes of the cooperative, within the scope of its authority and in good faith" (*40 W. 67th St. v Pullman*, 100 NY2d 147, 153 [2003] [internal quotation marks omitted]). The business judgment rule does not apply when a cooperative board acts outside the scope of its authority or violates its own governing documents (*see R & L Realty Assoc. v 205 W. 103 Owners Corp.*, 98 AD3d 421, 422 [2012]; *Wirth v Chambers-Greenwich Tenants Corp.*, 87 AD3d 470, 472 [2011]).

Here, contrary to the board's contention, the board was without authority under its governing documents to assess a fee against a shareholder for alleged illegal subletting. The proprietary lease, by-laws, shareholder handbook, and "house rules" adopted by the board fail to substantiate the board's claim that the "sublet policy" recited in the shareholder handbook was an enforceable "house rule" incorporated and made binding on the petitioner under the proprietary lease. The board acted outside the scope of its authority in assessing the $3,000 sublet fee and, thus, its action was not protected by the business judgment rule (*see R & L Realty Assoc. v 205 W. 103 Owners Corp.*, 98 AD3d at 422; *Wirth v Chambers-Greenwich Tenants Corp.*, 87 AD3d at 472), and was arbitrary and capricious (*see* CPLR 7803 [2], [3]; *see generally Matter of Cowan v Kern*, 41 NY2d 591, 599 [1977]; *Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County*, 34 NY2d 222, 231 [1974]; *Matter of Halperin v City of New Rochelle*, 24 AD3d 768, 770 [2005]). Accordingly, the Supreme Court properly denied the respondents' motion to dismiss the petition and properly granted that branch of the petition which was to rescind the sublet fee.

However, the Supreme Court should have granted that branch of the petition which was for an attorney's fee pursuant to Real Property Law § 234, which provides for the reciprocal right of a lessee to recover an attorney's fee when the same benefit is bestowed upon the lessor in the parties' lease (*see Wirth v Chambers-Greenwich Tenants Corp.*, 87 AD3d at 474; *see generally Matter of Duell v Condon*, 84 NY2d 773, 780 [1995]; *cf. Matter of Casamento v Juaregui*, 88 AD3d 345, 352-353 [2011]; *Kuttas v Condon*, 290 AD2d 492, 493 [2002]). Here, paragraph 28 of the proprietary lease requires the lessee to pay the lessor's expenses, including an attorney's fee, incurred by the lessor in collecting any sums due under the lease or in instituting or defending any action or proceeding based on the lessee's default in paying sums due. As the board correctly contends, had it prevailed in the instant proceeding and established the cooperative corporation's entitlement to the sublet fee, the corporation would have been entitled to collect its attorney's fee from the petitioner pursuant to paragraph 28 of the lease. However, the petitioner is the prevailing party in this proceeding to rescind the sublet fee, which was improperly assessed by the board without authority and in breach of the proprietary lease. Therefore, the petitioner established entitlement to a reasonable attorney's fee pursuant to Real Property Law § 234 (*see DiBernardo v Lindenwood Vil., Sec. A Coop. Corp.*, 73 AD3d 1117 [2010]; *Blutreich v Amalgamated Dwellings, Inc.*, 28 AD3d 261 [2006]; *Measom v Greenwich & Perry St. Hous. Corp.*, 8 Misc 3d 50, 54 [2005], *mod on other grounds* 42 AD3d 366 [2007]).

The board's contention regarding the application of Real Property Law § 234 to the instant proceeding is raised for the first time on appeal and, therefore, is not properly before this Court (*see Benavides v Uniondale Union Free School Dist.*, 95 AD3d 809, 810 [2012]). Accordingly, we grant that branch of the petition which was for an attorney's fee payable by the cooperative corporation pursuant to Real Property Law § 234, and remit the matter to the Supreme Court, Nassau County, for, inter alia, a determination of the amount of the attorney's fee to be awarded to the petitioner (*see Matter of Casamento v Juaregui*, 88 AD3d at 362).

The board's remaining contentions are without merit. Angiolillo, J.P., Leventhal, Lott and Austin, JJ., concur. ▮