Order, Supreme Court, Bronx County (Sharon A.M. Aarons, J.), entered November 1, 2012, which, upon renewal, granted the motion of respondents Surujdat Mohabir and Khamni Mohabir to vacate a prior order of the same court and Justice, entered on or about July 20, 2011, which permanently stayed the subject arbitration, unanimously reversed, on the law, without costs, the motion denied, and the order entered on or about July 20, 2011, reinstated.
The Mohabirs’ vehicle, insured by petitioner Liberty Mutual Insurance Company (Liberty), was struck by a truck that left the scene of the accident. On July 12, 2007 and July 31, 2007, the Mohabirs sent Liberty a request for arbitration dated July 11, 2007, which Liberty received on July 13, 2007 and August 1, 2007, respectively. By petition dated August 20, 2007, Liberty moved to permanently stay the arbitration, asserting, among other things, that the offending vehicle had a policy of insurance with respondent Progressive Insurance, and was owned and driven by additional respondent Harbhajan Singh.
By order entered December 12, 2007, Supreme Court denied the petition, without prejudice, on the ground that the evidence supporting the claim was too sparse. Petitioner again sought a stay and by order entered March 6, 2008, the court, finding sufficient evidence to make out a prima facie case, stayed the arbitration pending a framed issue hearing to determine all issues of insurance coverage. By order entered July 23, 2008, the court granted petitioner’s motion for leave to reargue, and upon reargument, adhered to its prior determination. Progressive and Singh appealed and this Court affirmed (68 AD3d 435 [1st Dept 2009]).
The framed issue hearing was held on June 13, 2011. By order entered July 20, 2011, the court ordered that Singh be added as a respondent and permanently stayed the arbitration. The order was allegedly served with notice of entry on February 6, *414 2012. On April 19, 2012, the Mohabirs moved by order to show cause to vacate the July 20, 2011 order pursuant to CPLR 5015 (a) (4), arguing for the first time that Supreme Court lacked jurisdiction to stay the arbitration because the petition was untimely pursuant to CPLR 7503 (c) since it was filed more than 20 days after Liberty had received the first arbitration demand.
Supreme Court erred when it granted the Mohabirs’ motion, which it deemed a motion for leave to renew, and upon renewal, vacated the July 20, 2011 order and dismissed the petition to stay arbitration, on the grounds that it was untimely.
“The 20-day time limit of CPLR 7503 is construed as a period of limitation, and the courts have no discretion to waive or extend the statutory period” (Matter of Hartford Ins. Co. [Martin], 16 AD3d 149, 150 [1st Dept 2005]; see Aetna Life & Cas. Co. v Stekardis, 34 NY2d 182, 185-186 [1974]). However, “[a] Statute of Limitations defense is waivable [by a party], and failure to raise it does not deprive the court of jurisdiction” (Mendez v Steen Trucking, 254 AD2d 715, 716 [4th Dept 1998]).
Under the particular circumstances of this case, respondents waived their statute of limitations defense when, after serving the request for arbitration a second time on July 31, 2007, they participated in the litigation for five years, during which time they failed to raise the CPLR 7503 (c) defense in their opposition to petitioner’s applications for a stay, in the prior appeal in which this Court ordered a framed issue hearing on coverage issues, or at the framed issue hearing itself (see Miraglia v H & L Holding Corp., 67 AD3d 513, 515 [1st Dept 2009], lv dismissed in part, denied in part 14 NY3d 766 [2010] [“Waiver of an argument will be recognized where, as here, the court had jurisdiction of the general subject matter but a contention is made after judgment that the court did not have power to act in the particular case or as to a particular question in the case” (internal quotation marks omitted)]; see also Measom v Greenwich & Perry St. Hous. Corp., 42 AD3d 366 [1st Dept 2007], lv dismissed 9 NY3d 946 [2007]).
In Measom, this Court, on a prior appeal, ruled that an apartment was not legally habitable for residential purposes and remanded the matter for a trial on damages. On a subsequent appeal, the defendant attempted to assert, for the first time, the affirmative defense of statute of limitations. This Court held that “[t]he affirmative defense of the statute of limitations was abandoned by defendant since it failed to raise it as an alternative ground for affirmance on the prior appeal when it was germane to this Court’s determination” (id. at 366; see also *415 Dimery v Ulster Sav. Bank, 13 AD3d 574 [2d Dept 2004], lv denied 5 NY3d 706 [2005], cert denied 547 US 1097 [2006]).
The Mohibirs’ counsel’s explanation that the failure to request dismissal of the petition earlier was inadvertent is unavailing. Counsel claims that he was unaware that a new legal secretary had served the first request for arbitration until he was in the process of reviewing the file in connection with a planned appeal of the July 20, 2011 order. However, counsel does not provide a reasonable explanation as to why the demand was not discovered while reviewing the file in connection with the prior motion practice or his preparation for the prior appeal or the framed issue hearing.
Accordingly, the order entered on or about July 20, 2011, which permanently stayed the subject arbitration after the framed issue hearing, should be reinstated.
Concur — Acosta, J.E, Andrias, Saxe, Freedman and Feinman, JJ.