OPINION OF THE COURT
Paul A. Goetz, J.
Respondent London Paint & Wallpaper Co., Inc.’s motion to restore and to dismiss, and petitioner Sidney Kesselman as Trustee of the Kesselman Living Trust’s cross motion for an order pursuant to RPAPL 745 (2) (a) are decided as follows:
Background
Petitioner commenced this commercial holdover proceeding on April 1, 2015, seeking to recover possession of premises described as the ground floor store, and portion of the basement located in the building known as 191 Ninth Avenue, New York, New York based on termination of respondent’s monthly tenancy after service of a 30-day notice of termination.
Respondent filed a motion to dismiss on May 14, 2015. On July 27, 2015, this proceeding was marked off the calendar because of a preliminary injunction issued in a related action between the parties in New York County Supreme Court (London Paint & Wallpaper Co., Inc. v Kesselman, 2015 NY Slip Op 31398[U] [Sup Ct, NY County 2015]) staying this proceeding.
By decision and order dated June 24, 2016 (2016 NY Slip Op 31220[U] [Sup Ct, NY County 2016]), Supreme Court lifted all stays of this proceeding and dismissed the complaint in its entirety.
On July 19, 2016, petitioner filed a consent to change attorney and on August 8, 2016, respondent filed a consent to change attorney. Respondent’s current counsel filed the instant motion on September 14, 2016, apparently unaware that the prior motion to dismiss by respondent’s previous counsel was never decided. The court deems respondent’s prior motion to dismiss made by its previous counsel withdrawn.
In light of Supreme Court vacating the preliminary injunction staying this proceeding and its dismissal of that case, this court grants respondent’s application to restore this proceeding to the calendar and upon restoration will consider and determine respondent’s (second) motion to dismiss.
The following facts are not in dispute and are gleaned from the parties’ submissions on the instant motions and from *641 Supreme Court’s July 27, 2015 decision and order granting a preliminary injunction and Supreme Court’s June 24, 2016 decision and order. London Paint & Wallpaper Co., Inc. occupies the ground floor and basement commercial space in the building located at 191 Ninth Avenue, New York, NewYork and Leonard Kesselman is London Paint’s president. Leonard’s father, Sidney Kesselman, founded London Paint over 50 years ago and in 1983 Leonard acquired the business and took over management responsibilities of the building for the family. Sidney and Evelyn Kesselman, Sidney’s wife and Leonard’s mother, are cotrustees of the Kesselman Living Trust dated October 6, 1997, and ownership of the building was transferred to the trust on October 27, 1997. On November 5, 2014, Sidney and Evelyn amended the trust via a “First Restatement of the Kesselman Living Trust” which, inter alia, permitted Sidney to act unilaterally on behalf of the trust.
The Parties’ Contentions
Respondent argues that the termination notice is ineffective because it failed to show the signing agent’s authority to act on behalf of the trust. At the end of the termination notice dated February 24, 2015 are the typed words: “Sidney Kesselman, as Trustee of the Kesselman Living Trust, Dated October 6, 1997, Landlord.” Beneath those typewritten words is the typewritten word “By” followed by a signature of “Sidney Kesselman” and typed underneath the signature are the typed words “Sidney Kesselman, Trustee.” Respondent submits an affidavit from Leonard who states that before November 5, 2014, the trust provided that neither trustee could act alone. Leonard further attests that unbeknownst to him the trust was amended and restated on November 5, 2014, to provide that Sidney could act on behalf of the trust unilaterally. Leonard claims that when he received the 30-day notice of termination signed only by Sidney, he did not believe it was effective because it had not been issued by both trustees.
Petitioner opposes respondent’s motion, positing that no proof of Sidney’s authority to act is required because he was acting in his capacity as an owner of the building, not as an agent. Petitioner notes that Supreme Court expressly held that “under the Trust Restatement, Sidney may act unilaterally on behalf of the Trust in matters affecting Trust property.”
Analysis
Prior to initiating a summary holdover proceeding to regain possession of premises occupied by a month-to-month tenant, a *642 landlord is required to serve a 30-day notice of termination signed by the landlord or its agent (Real Property Law § 232-a). A valid notice of termination is a condition precedent to a summary holdover proceeding (Second & E. 82 Realty v 82nd St. Gily Corp., 192 Misc 2d 55, 56 [Civ Ct, NY County 2002], citing 170 W. 85th St. Tenants Assn. v Cruz, 173 AD2d 338, 339 [1st Dept 1991]). A defective notice of termination may not be amended and provides the tenant with a successful defense in the proceeding (id. at 56-57, citing Chinatown Apts. v Chu Cho Lam, 51 NY2d 786, 787-788 [1980]).
When determining the validity of a termination notice, courts have often been required to determine whether the individual signing the notice who purports to be the landlord is authorized to do so. It is now well settled that where the landlord is a partnership, a termination notice signed by a partner is sufficient (Rogers v New York Tel Co., 74 AD2d 526 [1st Dept 1980]). In Rogers, the First Department reasoned that “no confusion as to the signatory’s authority could exist [since] [h]e was a general partner in the limited partnership which leased the premises and, in fact, had signed the lease for the partnership as landlord” (id. at 526-527; see also Marbru Assoc. v Thumm, NYLJ, Feb. 24, 1989 at 22, col 2 [App Term, 1st Dept 1989] [holding termination notice signed by a partner of the petitioner to be sufficient]). Likewise, where the landlord is a corporation, a notice of termination signed by an officer of a corporate petitioner is not defective (Arvic Realty Corp. v RST Assoc., L.P., 9 Misc 3d 137[A], 2005 NY Slip Op 51723[U] [App Term, 1st Dept 2005]).
When the termination notice is purportedly signed by a landlord’s agent, the issue that often must be resolved is whether the tenant had a basis to doubt the agent’s authority to bind the landlord (54-55 St. Co. v Torres, 171 Misc 2d 237 [App Term, 1st Dept 1997]) especially since proof of the agent’s authority does not need to be attached to the termination notice (Second & E. 82 Realty, 192 Misc 2d at 58, citing Sporn v Nicholas, NYLJ, Jan. 13, 1988 at 6, col 4 [App Term, 1st Dept 1988]; Kosnik v Sterling, NYLJ, June 6, 1988 at 27, col 6 [App Term, 2d Dept 1988]). In other words, the issue is whether or not the tenant knows or should know the agent is acting on the landlord’s behalf. A tenant would or should know an agent is acting on the landlord’s behalf in either of two ways: either the notice states what grants the agent authority to bind the landlord (cf. Siegel v Kentucky Fried Chicken of Long Is., 108 *643 AD2d 218 [2d Dept 1985], affd 67 NY2d 792 [1986]; Triborough Bridge & Tunnel Auth. v Serling, NYLJ, July 12, 1996 at 25, col 3 [App Term, 1st Dept 1996]) or the knowledge is imputed based upon past dealings between the tenant and the agent acting on the landlord’s behalf (Ashley Realty Corp. v Knight, 73 AD3d 500 [1st Dept 2010]; Torres, 171 Misc 2d at 238). Where the tenant has a basis to doubt an agent’s authority to bind the landlord or it cannot be said that the tenant should have known the agent was acting on the landlord’s behalf, the termination notice is rendered defective and, since a condition precedent to suit is then not met, the petition should be dismissed (Siegel, 108 AD2d at 218; Second & E. 82 Realty, 192 Misc 2d at 60).
The court agrees with petitioner that Sidney was acting in his capacity as an owner rather than as an agent, since the premises are located within a building owned by the trust and as Supreme Court explicitly held “under the Trust Restatement, Sidney may act unilaterally on behalf of the Trust in matters affecting Trust property.” However, the question is not whether Sidney had authority to sign the termination notice, he did under the trust restatement, but rather whether Leonard could be confused as to Sidney’s authority to unilaterally sign the termination notice (Rogers, 74 AD2d at 526).
Leonard alleges he was unaware that the trust was amended on November 5, 2014, to grant Sidney authority to act unilaterally. Petitioner does not dispute this assertion, therefore, it is deemed admitted (Madeline D'Anthony Enters., Inc. v Sokolowsky, 101 AD3d 606, 609 [1st Dept 2012] [observing “ ‘(f)acts appearing in the movant’s papers which the opposing party does not controvert, may be deemed to be admitted’ ”], quoting Kuehne & Nagel v Baiden, 36 NY2d 539, 544 [1975]).
There are instances where even though a termination notice is signed by a landlord/owner the tenant could be confused as to the signatory’s authority to sign a termination notice (Rogers, 74 AD2d at 526). For example, where the building or property was sold to a new owner and the tenant was not previously notified of the transfer in ownership. Under these circumstances, absent some explanation within or documentation annexed to the notice of termination advising the tenant of the title transfer to the new owner, the tenant would have a reasonable basis to argue that s/he was confused as to the signatory’s authority to sign the termination notice (cf. Rogers, 74 AD2d at 526). Therefore, contrary to petitioner’s position, a *644 showing that a termination notice is signed by a landlord/owner does not necessarily foreclose further analysis of whether the tenant can question the signature on the termination notice.
The cases involving petitioner partnerships and corporations discussed above are distinguishable from this proceeding, because in those cases there was no governing document requiring the partners or officers of the corporation to act in concert of which the tenant was aware, that was then amended to permit unilateral action by a partner or corporate officer of which the tenant was not aware. Here, because Leonard was aware of the original trust wherein Sidney was not authorized to act unilaterally and he was not aware of the trust restatement wherein Sidney was authorized to act unilaterally, the court holds that respondent had a reasonable basis to be confused as to Sidney’s authority to bind the trust since the termination notice failed to inform respondent of the trust restatement authorizing Sidney’s actions (c/I Rogers, 74 AD2d at 526). Because the termination notice was insufficient, petitioner failed to meet a condition precedent to initiating this action necessitating its dismissal (Chinatown Apts., 51 NY2d at 787-788; Second & E. 82 Realty, 192 Misc 2d at 56).
Based on the foregoing, it is hereby ordered that respondent’s motion to restore and to dismiss is granted and the petition is dismissed without prejudice; and it is further ordered that petitioner’s cross motion pursuant to RPAPL 745 (2) (a) is denied.