M.H. Thomasmith Co. v Nicola Design Studio, Inc. (2024 NY Slip Op 51193(U))

[*1]

M.H. Thomasmith Co. v Nicola Design Studio, Inc.

2024 NY Slip Op 51193(U)

Decided on August 20, 2024

Appellate Term, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on August 20, 2024
SUPREME COURT, APPELLATE TERM, SECOND DEPARTMENT, 9th and 10th JUDICIAL DISTRICTS
PRESENT: : TIMOTHY S. DRISCOLL, J.P., JAMES P. McCORMACK, ELENA GOLDBERG-VELAZQUEZ, JJ

2023-472 N C

M.H. Thomasmith Co., Respondent-Appellant,
against
Nicola Design Studio, Inc. and "ABC Corporation," Appellants-Respondents. 

Anthony Mastroianni, for appellants-respondents.
Charles E. Holster, III, for respondent-appellant.

Appeal and cross-appeal from a final judgment of the District Court of Nassau County, First District (Gary M. Carlton, J.), entered April 26, 2023. The final judgment, insofar as appealed from by tenant Nicola Design Studio, Inc. and alleged undertenant "ABC Corporation," after a nonjury trial, awarded landlord possession and the principal sum of $43,644 as against tenant in a commercial holdover summary proceeding. The final judgment, insofar as cross-appealed from by landlord, did not include an award for additional rent and use and occupancy as against tenant.

ORDERED that so much of the appeal as is by alleged undertenant "ABC Corporation" is dismissed as "ABC Corporation" is not aggrieved by the final judgment against tenant Nicola Design Studio, Inc.; and it is further,
ORDERED that the final judgment is modified by increasing the amount of the monetary award in favor of landlord as against tenant to the principal sum of $191,136.58; as so modified, the final judgment is affirmed, without costs.
Landlord commenced this commercial holdover proceeding after terminating tenant's [*2]month-to-month tenancy. The petition also sought arrears and use and occupancy from February 1, 2019 through October 2022. After a nonjury trial, held on February 9, 2023, the District Court determined that landlord was entitled to the recovery of rent at $3,637 per month from September 1, 2021 to August 31, 2022, but did not award any use and occupancy or additional rent. Tenant appeals from so much of a final judgment entered April 26, 2023 as awarded landlord possession and the principal sum of $43,644 as against tenant. Landlord cross-appeals from so much of the final judgment as did not include an award for additional rent and use and occupancy as against tenant.
While tenant argues on appeal that landlord, in effect, did not have standing to commence this proceeding, that argument was waived as not timely objected to or raised in the District Court (see Marcus v Lavalasse, 81 Misc 3d 136[A], 2023 NY Slip Op 51403[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2023]) and is, in any event, without merit as there was clearly a landlord-tenant relationship between M.H. Thomasmith Co. and Nicola Design Studio, Inc. (cf. RPAPL 721 [1]). There is similarly no merit to tenant's argument that the petition should be dismissed because the proceeding was improperly commenced by the property manager (cf. Lehtonen v Dellaquila, 67 Misc 3d 139[A], 2020 NY Slip Op 50683[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2020] [dismissing a petition because it expressly pleaded that the captioned petitioner was the agent of the owner, a party not authorized to maintain a summary proceeding]), as the petition clearly indicates in both the caption and in its body that landlord commenced the proceeding. Also without merit are tenant's arguments that the notice of termination was defective (see Rogers v New York Tel Co., 74 AD2d 526 [1980]; Niagara Capital LLC v Cruz, 61 Misc 3d 45 [App Term, 1st Dept 2018]), that the notice of petition was defective (see RPAPL 731 [1]), and that the verification of the petition was defective (see Knoll Manor Assoc. of NY v Goldstein, 73 Misc 3d 138[A], 2021 NY Slip Op 51158[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2021]).
Tenant's remaining contention lacks merit.
When a tenant remains in possession after the expiration of a lease term and rent is subsequently accepted, a month-to-month tenancy is implied upon the same terms as those in the expired lease (see City of New York v Pennsylvania R.R. Co., 37 NY2d 298 [1975]; Yu Yan Zheng v Fu Jian Hong Guan Am. Unity Assn., Inc., 168 AD3d 511 [2019]; Priegue v Paulus, 43 Misc 3d 135[A], 2014 NY Slip Op 50662[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2014]). Landlord seeks to increase the monetary award in the final judgment to include additional rent arrears for insurance and tax charges from February 2019 through August 31, 2022. The insurance and tax charges were deemed additional rent in the expired lease and, contrary to the implicit determination of the District Court, may therefore be recovered in this commercial summary proceeding (see Perrotta v Western Regional Off-Track Betting Corp., 98 AD2d 1 [1983]; see generally Inland Diversified Real Estate Serv., LLC v Keiko NY, Inc., 51 Misc 3d 139[A], 2016 NY Slip Op 50613[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2016]; cf. RPAPL 702 [1] [limiting the definition of the term "rent" in residential summary proceedings]). Based on the evidence at trial, landlord is entitled to recover $8,319 for insurance charges and [*3]$131,899.58 for tax charges as additional rent that was sought in the petition.
Landlord also seeks to increase the monetary award to include use and occupancy for September 2022 through the time the final judgment was entered on April 26, 2023. A tenant who holds over after the end of his lease is obligated to pay use and occupancy based on a theory of quantum meruit (see Wahl v Warren, 19 Misc 3d 130[A], 2008 NY Slip Op 50537[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2008]; BGB Realty, LLC v Annunziata, 12 Misc 3d 136[A], 2006 NY Slip Op 51270[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2006]). The value of that use and occupancy should be set at the fair rental value of the premises, which can be established by proof of comparable rentals or proof of the rent paid under the expired lease (see Wahl v Warren, 2008 NY Slip Op 50537[U], *2). However, use and occupancy may only be awarded as demanded in the petition, including any amendments thereto, and only through the time of trial (see Fisher Ave. Realty Partners v Hausch, 186 Misc 2d 609 [App Term, 2d Dept, 9th & 10th Jud Dists 2000]; see also GMAC Mtge. Corp. v Carney, NYLJ, Sept. 23, 1997, at 29, col 3 [App Term, 2d Dept, 2d & 11th Jud Dists 1997]). Here, the month-to-month tenancy was terminated as of August 31, 2022, the petition sought use and occupancy through October 2022, and landlord did not amend the petition to include any subsequent months. Therefore, landlord's recovery of use and occupancy as against tenant is limited to September and October 2022.
The prior rent paid under the terminated lease is sufficient proof to establish the value of the use and occupancy (see Wahl v Warren, 2008 NY Slip Op 50537[U], *2). Here, the Civil Court properly determined that the base rent of the premises was $3,637 per month, which landlord concedes and tenant does not dispute. The trial evidence showed that tenant remained in possession after the termination of the tenancy at the end of August 2022, but paid no use and occupancy for the subsequent months. Therefore, the final judgment should be increased by an additional $7,274, representing use and occupancy for September and October 2022.
Landlord's remaining contention lacks merit. 
Accordingly, the final judgment is modified by increasing the amount of the monetary award in favor of landlord as against tenant to the principal sum of $191,136.58.
DRISCOLL, J.P., McCORMACK and GOLDBERG-VELAZQUEZ, JJ., concur.

ENTER:
Paul Kenny
Chief Clerk
Decision Date: August 20, 2024