Gemini Realty LLC v Miller (2025 NY Slip Op 51533(U))

[*1]

Gemini Realty LLC v Miller

2025 NY Slip Op 51533(U) [87 Misc 3d 128(A)]

Decided on September 29, 2025

Appellate Term, First Department

Published by New York State Law Reporting
Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on September 29, 2025

SUPREME COURT, APPELLATE TERM, FIRST
DEPARTMENT

PRESENT: Brigantti, J.P., Tisch, James, JJ.

570905/24

Gemini Realty LLC,
Petitioner-Respondent,

against

David Miller,
Respondent-Appellant.

Respondent David Miller appeals from (1) an order of the Civil Court of the City of
New York, New York County (Daniele Chinea, J.), dated October 30, 2023, after a
nonjury trial, which awarded possession to petitioner in a holdover summary proceeding;
and (2) an order (same court and Judge), dated July 22, 2024, which denied respondent's
CPLR 5015 post-trial motion to vacate the judgment.

Per Curiam.

Appeal from order (Daniele Chinea, J.), dated October 30, 2023, deemed an appeal
from the ensuing final judgment (same court and Judge) entered on or about October 30,
2023, and so considered (see CPLR 5520 [c]), final judgment affirmed, with $30
costs. Order (Daniele Chinea, J.), dated July 22, 2024, affirmed, without costs.

We sustain the possessory judgment awarded to petitioner upon the trial of this
licensee holdover proceeding. A fair interpretation of the evidence supports a finding that
respondent David Miller was a licensee whose license to occupy the premises was
revoked, and he has no right to continued occupancy (see RPAPL 713 [7]; Chen v Ray, 49 Misc 3d
137[A], 2015 NY Slip Op 51533[U] [App Term, 1st Dept 2015]). Indeed,
respondent admitted that he occupied the apartment pursuant to a verbal agreement with
his now-deceased father, Stuart Miller, the prior owner. Respondent never paid rent and
was never asked to pay rent.

We note that in a prior holdover proceeding between the parties based upon
allegations that respondent was a month-to-month tenant, respondent successfully moved
for dismissal on the ground that there was no landlord-tenant relationship between the
parties. The doctrine of judicial estoppel "prevents a party who assumed a certain
position in a prior proceeding and secured a ruling in his or her favor from advancing a
contrary position in another action, simply because his or her interests have changed" (Becerril v City of NY Dept. of
Health & Mental Hygiene, 110 AD3d 517, 519 [2013], lv denied
23 NY3d 905 [2014]; see
Herman v 36 Gramercy Park Realty Assoc., LLC, 165 AD3d 405, 406 [2018],
lv denied 33 NY3d 1045 [2019]).

As a licensee, respondent was only entitled to a 10-day notice to quit (RPAPL 713
[7]), [*2]which was served by petitioner.

Respondent waived any defense based upon petitioner's alleged lack of standing to
maintain this proceeding, since respondent failed to raise that defense either in his
answer or by way of a preanswer motion (see Wells Fargo Bank Minn., N.A. v Mastropaolo, 42 AD3d
239 [2007]; Marcus v
Lavalasse, 81 Misc 3d 136[A], 2023 NY Slip Op 51403[U] [App Term, 2d
Dept, 9th & 10th Jud Dists 2023]). In any event, the evidence established that
petitioner Gemini Realty LLC [Gemini] owned the building, having obtained title from
Stuart Miller.

Respondent also testified that Gemini was owned by a trust, and that his brother
Peter Miller was one of the trustees of the trust. Respondent was clearly aware of Peter
Miller's authority, and thus, the notice to quit served by Gemini and signed by Peter
Miller as trustee was valid "even without proof of the relationship" (Ashley Realty Corp. v Knight,
73 AD3d 500, 501 [2010]).

Respondent's post-trial motion to vacate the judgment pursuant to CPLR 5015 (a)
was properly denied. The motion is premised upon the allegation that respondent's
brother failed to inform him that their mother died after the trial was completed but
before the decision was rendered. Significantly, however, respondent failed to annex any
documentary evidence or other proof to support his position that based upon her death he
had any superior title or was legally entitled to continued occupancy.

Respondent's remaining contentions either relate to determinations which are not
properly before this court or are without merit.

THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.

I concur I concur I concur
Decision Date: September 29, 2025